# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KEISHAWN CRANFORD,

    Plaintiff(s),

v.

STATE OF NEVADA, et al.,

    Defendant(s).

Case No.: 2:17-cv-02643-APG-NJK

**ORDER**

(Docket Nos. 28, 30)

Pending before the Court is Defendants' motion for Rule 37 discovery sanctions. Docket No. 28.[1] Defendants' motion, however, is in reality a motion to compel responses from Plaintiff to their discovery requests. *See* Docket No. 28 at 3, 6–7, 8. Discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer . . . before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c).

Judges in this District have held that the rules require that the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial

---

[1] Also pending before the Court is Defendants' motion to stay the dispositive motion deadline pending a ruling on the motion for Rule 37 discovery sanctions. Docket No. 30 at 4.

1

resolution of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.[2] Courts may look beyond the certification made to determine whether a sufficient meet-and-confer took place. *See, e.g.*, *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).

Defendants' motion states "that they made a good-faith effort to meet and confer with Plaintiff before filing this Motion," citing Exhibit 5. Docket No. 28 at 8. The last time Defendants spoke with Plaintiff, however, was on November 21, 2019—97 days before they filed their instant motion. Docket No. 28-5 at 3. Thus, a new meet-and-confer must occur before Defendants' instant motion is properly before the Court. *See McNamara v. Hallinan*, 2019 WL 918984, at *2 n.3 (D. Nev. Feb. 25, 2019).

Accordingly, the Court **DENIES** Defendants' motion for Rule 37 discovery sanctions. Docket No. 28. Further, the Court **DENIES** as moot Defendants' motion to stay dispositive motion deadline pending a ruling on the motion for Rule 37 discovery sanctions. Docket No. 30.

IT IS SO ORDERED.

Dated: March 23, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] These requirements are now largely codified in the Court's local rules. *See* Local Rule 26-7(c), Local Rule IA 1-3(f).

2